**Gary ETHEREDGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52453.**

Court of Criminal Appeals of Texas.

Oct. 13, 1976.

Arturo C. Gonzalez, Del Rio, for appellant.

Tully Shahan, Dist. Atty., Del Rio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

KEITH, Commissioner.

The indictment charged appellant with the unlawful delivery of a usable quantity of marihuana of more than one-quarter ounce to D. Bruce Kiser. Appellant pleaded not guilty but the jury found him to be guilty as charged and assessed his punishment at confinement for two and one-half years.

D. Bruce Kiser and Michael J. Morris, policemen employed by the City of San Angelo, were temporarily assigned to a Drug Enforcement Administration "Mobile Task Force" operating in Del Rio during the month of May, 1974. They were operating as undercover agents under the general supervision of DEA Agent Terry Bowen. Kiser and Morris had made the acquaintance of one Thomas Michael Leis and, on May 22, 1974, Kiser asked Leis for some "grass" or "weed", meaning a usable quantity of marihuana. Leis said that he did not have any but knew where he could get some.

Leis accompanied Kiser and Morris in Kiser's car to a house on Garfield Street in Del Rio; and, after Kiser had given Leis a twenty-dollar bill, Leis went into the house and returned shortly thereafter with two baggies of what appeared to be marihuana which he delivered to Kiser. As Leis was leaving the house, a man emerged therefrom onto the front porch and lighted a

cigarette while standing there talking momentarily to Leis. Kiser and Morris both identified appellant as being the man who emerged from the house.

Leis testified that he went into the house and told appellant that he had a couple of friends who wanted to "score" and that he wanted two "lids" of marihuana. He said that appellant went to the rear of the house and returned immediately with the two baggies which he exchanged for the twenty dollars he had just gotten from Kiser. Leis said that there was no other person in the house during the transaction.

Appellant's counsel cross-examined Kiser, Morris, and Leis vigorously upon all aspects of the transaction included discrepancies in the testimony given upon the trial and prior written statements made by Kiser and Morris. Counsel also exploited Leis's misdemeanor conviction arising out of the same transaction.

Appellant, represented at all times by retained counsel, testified that he and his wife had gone to a restaurant upon the day in question to celebrate their wedding anniversary. He denied that he ever sold any marihuana to Leis at any time, although he claimed to have purchased some from Leis upon one or more occasions in the past. Appellant was corroborated in his alibi by his wife.

It was developed that another male lived at the house of appellant on Garfield Street, an airman by the name of McDogal; but appellant testified that he did not know where McDogal was located at the time of the trial.

The substance delivered by Leis to Kiser was properly shown to be marihuana and the usable quantity, according to the chemist, could have been made into approximately 96 cigarettes.

Appellant's three grounds of error have a common thread: the lack of probative evidence to corroborate the accomplice testimony of Leis or, alternatively, the insufficiency of the corroboration. The first ground relates to the failure of the trial court to respond to appellant's written objection to the charge, timely filed, that there was no evidence to corroborate the testimony of Leis and thus no competent evidence to raise the issue of appellant's criminal responsibility for Leis' conduct.

The Court properly charged that Leis was criminally responsible as a party to an offense either committed by his own conduct or by the conduct of appellant. Leis, having been indicted for the same offense as appellant, was an accomplice as a matter of law. *Bentley v. State,* 520 S.W.2d 390, 394 (Tex.Cr.App.1975). We set out the substance of the court's charge on accomplice testimony in the margin.[1]

Appellant's counsel reminds us that under the statute, Vernon's Ann.C.C.P., art. 38.14, a person may not be convicted on the testimony of an accomplice "unless corroborated by other evidence tending to connect the defendant with the offense committed." Counsel then argues:

"The essential question in the instant case, which determines both the propriety of the trial court's instructions and whether Appellant's conviction may stand, is whether the State provided any, or in the alternative sufficient, evidence to corroborate the testimony of the accomplice witness Leis."

1. "The witness Thomas Michael Leis is criminally responsible as a party to an offense either committed by his own conduct or by the conduct of the defendant, Gary Etheridge, if any offense was committed, and you cannot convict the defendant upon the testimony of Thomas Michael Leis unless you first believe that his testimony is true and shows that the defendant is guilty as charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case, outside of the evidence of the said Thomas Michael Leis, tending to connect the defendant with the commission of the offense committed, if you find that an offense was committed and the corroboration is not sufficient if it merely shows the commission of any such offense, but it must tend to connect the defendant with its commission, and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty of the offense charged against him in the indictment herein."

Appellant has fairly stated the question and, having carefully reviewed the fact structure of the case as well as the applicable authorities, we agree with his conclusion.

The test of the sufficiency of the corroboration of the testimony of an accomplice witness has been set out in the authoritative case of *Cherb v. State,* 472 S.W.2d 273, 279 (Tex.Cr.App.1971):

"The test of sufficiency of corroboration of the testimony of an accomplice witness is to eliminate the evidence of the accomplice from consideration and then examine evidence of other witnesses to ascertain if there be inculpatory evidence or evidence of incriminating character which tends to connect the accused with the commission of the offense. If there is such evidence, the corroboration is sufficient, otherwise it is not."

■ In passing upon the contentions now advanced, it is well to bear in mind one well-established rule governing the review of such evidence. It is clear under our prior holdings that in determining the sufficiency of the corroboration of the accomplice witness's testimony, each case must be considered on its own facts. See *O'Donald v. State,* 492 S.W.2d 584, 587 (Tex.Cr.App. 1973); *Forbes v. State,* 513 S.W.2d 72, 76 (Tex.Cr.App.1974). In applying this test to the case at bar, we are required to eliminate the testimony of the accomplice, Leis. This leaves for our consideration only the testimony of the two police officers, Bruce D. Kiser and Michael J. Morris. The testimony of these two officers, standing alone, must be sufficient to tend to connect appellant with the commission of the crime in order for his conviction to stand.

■ It is undisputed that the house at 414 Garfield was the residence of appellant at the time the offense was committed. Officers Kiser and Morris both identified appellant as the man they saw standing on the porch talking with the accomplice Leis on the night in question. Officer Kiser, however, also testified that he saw another person in the house besides the two men standing on the front porch. This other person may have been the McDogal who also lived in appellant's house at the time in question. In addition, it should be emphasized that neither officer saw Leis hand anything to appellant nor did they see appellant give anything to Leis.

All we have then to corroborate Leis's testimony is the presence of appellant and another person at appellant's own residence shortly before the commission of the crime. Whether one, both or neither of these men supplied Leis with the marihuana is not shown other than by the accomplice Leis's testimony, which we must ignore for corroboration purposes.

As this court stated in *Ayala v. State,* 511 S.W.2d 284, 287 (Tex.Cr.App.1974):

"The mere presence of the accused in the company of the accomplice shortly before or after the time of the offense is not, in itself, sufficient corroboration of the testimony of an accomplice. *Thomas v. State,* 166 Tex.Cr.R. 331, 313 S.W.2d 311; *Roberd v. State,* 161 Tex.Cr.R. 188, 276 S.W.2d 270."

The mere presence of appellant at the house of his residence, without more, is clearly insufficient to tend to connect appellant with the commission of the crime.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.