**Carlos LOA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52871.**

Court of Criminal Appeals of Texas.

Jan. 26, 1977.

Rehearing Denied Feb. 9, 1977.

Albert A. Pena, III, Corpus Christi, for appellant.

Knute L. Dietze, Dist. Atty., and George A. Taylor, Asst. Dist. Atty., Victoria, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

Appellant was charged with the possession of a controlled substance; namely, heroin, and was found guilty by a jury which assessed his punishment at confinement for ten years.

The appeal is predicated upon two closely related grounds of error: (1) the evidence was insufficient to sustain the conviction since the prosecution depended exclusively upon the testimony of two accomplice witnesses whose testimony was not corroborated; and (2) the mere presence of appellant was insufficient to corroborate the testimony of the accomplice witnesses. We agree and reverse the judgment of conviction and remand the cause for a new trial for the reasons now to be stated.

Victoria Detective Carl Bellis, accompanied by other police officers (none of whom testified), went to the residence of Manuel Gonzales and Mary Luna on E. Power Street in Victoria. Bellis testified that when he entered the house he saw appellant standing in the bedroom with his hands upon the wall in an arrest posture, that he went into the kitchen where he found Mary Luna. He noticed a glass jar, a hypodermic syringe, and a bottle cap on the kitchen table near where Luna was standing. The glass jar contained several small packages wrapped in foil. Manuel Gonzales, the common law husband of Mary Luna, was in the bedroom with appellant when Bellis entered the house.

Appellant, Gonzales and Luna were arrested and taken to the police station where a matchbox containing heroin was found in Luna's brassiere. The State showed, without objection, that it was heroin in the jar and in the matchbox.

Gonzales testified that he and Luna resided in the house and that appellant had come there to stay only a few days earlier, that appellant had the heroin and gave him and Luna several "fixes" in payment of his rent or for the privilege of staying in the house. He also said that Luna had given appellant the glass jar in which the heroin was found, that the contraband had been secreted outside the house each night that appellant stayed with them, that early on the morning of the arrest he went outside and brought the jar and its contents into the house where he and appellant both had an injection. They then went to sleep and were awakened when the officers arrived between 8:30 and 9:00 in the morning.

Gonzales readily admitted that he had pleaded guilty to the possession of heroin on the occasion in question only the day before he gave his testimony and that while he had not been sentenced, he was hopeful "that the fact you are testifying here today will in some way make the sentence that's meted out to you a little bit more lenient."

Luna, although indicted for possession of heroin on the occasion in question, had not been tried; nevertheless, after being cautioned of her rights by the trial judge, testified in detail, saying that appellant came to their residence with the heroin, gave her and Gonzales several "fixes"; that Gonzales stole the heroin which she secreted in the matchbox found upon her person. Her testimony generally followed that of Gonzales.

Appellant did not testify nor did he offer any evidence on either phase of the trial.

It is readily apparent from this survey of the record that the only incriminating circumstance against appellant, other than the

testimony of Gonzales and Luna, was his presence in the house where the officers found the contraband.

The trial court properly charged the jury that Gonzales and Luna were accomplices as a matter of law. *Bentley v. State,* 520 S.W.2d 390, 394 (Tex.Cr.App.1975). And, a person may not be convicted on the testimony of an accomplice "unless corroborated by other evidence tending to connect the defendant with the offense committed." Vernon's Ann.C.C.P. art. 38.14. "And it is a fundamental principle that the testimony of one accomplice witness cannot corroborate another accomplice witness' testimony." *Chapman v. State,* 470 S.W.2d 656, 660 (Tex.Cr.App.1971).

In *Cherb v. State,* 472 S.W.2d 273, 279 (Tex.Cr.App.1971), this Court stated the rule governing the test of the sufficiency of the corroboration of an accomplice witness' testimony: We must eliminate the evidence of the accomplice from consideration and then examine the evidence of other witnesses to ascertain if there is inculpatory evidence or evidence of incriminating character which tends to connect the accused with the commission of the offense. "If there is such evidence, the corroboration is sufficient, otherwise it is not." *Id.*

Under the undisputed record which we review, appellant was only a visitor in the house occupied by Gonzales and Luna. No contraband was found in the bedroom where appellant and Gonzales were arrested, all of it being discovered either in the kitchen in which Luna was found or it was upon her person.

The mere presence of appellant in the house of Gonzales and Luna, under the circumstances shown, without more, is insufficient to tend to connect appellant with the commission of the offense charged. *Etheredge v. State,* 542 S.W.2d 148, 150 (Tex.Cr.App.1976).

The judgment is reversed and the cause remanded.

Approved by the Court.