NO. 07-99-0436-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 27, 2001

______________________________

PETE VARGAS PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 223RD
 DISTRICT COURT OF GRAY COUNTY;

NO. 5809; HONORABLE LEE WATERS, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Pete Vargas Perez appeals from his conviction for possession of cocaine, a controlled substance, in an amount of less than one gram.  He asserts that the trial court erred by denying his motion to suppress evidence which was seized during a warrantless search of the vacant house in which he was arrested.  We affirm.

BACKGROUND

During the evening hours of July 24, 1998, three officers of the Pampa, Texas, police department were dispatched to investigate a suspicious persons report in connection with a house located at 405 North Davis Street in Pampa.  The house was located in an area of the city considered by the officers to be a high crime area.  The house was a “rent house,” had a couple of couches and a refrigerator and stove in it, had been vacant for four or five months before July 24th
, and the utilities were not operating in the house, except for the electricity.  One of the officers dispatched to the house was aware at the time of the dispatch that the house had been vacant for some time prior to July 24th
.  The officers did not have a warrant to search the house and did not know or determine who owned the house.  

It was after dark when the officers arrived.  An automobile was parked at the house.  A license check on the vehicle did not raise any suspicions on the part of the officers.  The officers did not see any lights on inside the house, but the officers could see into the house somewhat because of light given off by nearby street lamps.  The officers saw “some movement” inside the house.  The officers were not aware of criminal activity at or in the house, except for a possible criminal trespass by persons in the house.  

Two officers went to the front door of the house and one officer went to the back door.  The officers then circled the house so that one officer ended up at the front door and two officers were at the back door.  All three officers entered the house to investigate what was happening inside.  Two officers went in through the back door and one went in through the front door.   

Two officers testified at the suppression hearing: Officer Kemp, who entered the front door, and Officer Morris, one of the officers who entered the back door.  Officer Kemp testified that she went in unannounced, without knocking on the door first, and with her weapon drawn.  The first room she entered after she was inside the house was the bathroom.  In plain view in the bathroom, among other items, were a cooler chest, a piece of a baggie with what appeared to be cocaine in it, foil and a lighter.  The foil was blackened and it appeared as though something had been “cooked” in the foil.  

Officer Morris testified that he believed the officers at the back door announced “Police” before they went in.  Appellant and Jesus Rodriguez were located standing against the wall in one of the dark bedrooms.  Appellant and Jesus were placed under arrest by Officer Morris and the other officer who had entered through the back door. 

Following analysis of the materials discovered in the bathroom, appellant was charged with possession of cocaine, a controlled substance, in an amount of less than one gram.  He filed a motion to suppress the evidence found in the bathroom.  His motion asserted that the warrantless search and his warrantless arrest violated his rights under the Fourth Amendment to the United States Constitution, Article 1, Section 9 of the Texas Constitution, and the Code of Criminal Procedure.  

At the hearing on his motion, three witnesses testified: Manuela Rodriguez, the owner of the house where appellant was arrested, and mother of Jesus Rodriguez who was arrested in the house along with appellant; Officer Kemp; and Officer Morris.  The motion was overruled.  Appellant then pled no contest to the charge, and appealed the trial court’s failure to grant his motion to suppress.  

On appeal, appellant asserts that before the State could use the evidence seized during the search of the house, the State was required to prove that his warrantless arrest was valid.  In this regard, he asserts that (1) the officers had no valid basis to arrest appellant before their entry into the house; (2) the entry was in violation of the Fourth Amendment because the officers did not knock and announce their presence before entering the dwelling and there were no exigent circumstances to excuse the failure to do so; and (3) 
Tex. Crim. Proc. Code Ann
. art. 14.05 (Vernon Supp. 2001)
(footnote: 1) precludes an officer from entering a residence to make an arrest without warrant unless consent of a resident of the residence is obtained or exigent circumstances require such entry, and the officers neither obtained consent of a resident of the house, nor did exigent circumstances exist.   

LAW

A.  Standard of Review

At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses, as well as the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). 
 When the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and presume that the trial court made implicit findings of fact that support its ruling, if those findings are supported by the record.  
Ross
, 32 S.W.3d at 855.  Review of the trial court's rulings by a court of appeals, both as to the facts and the legal significance of those facts, is limited to a determination of whether the trial court abused its discretion.  
See
 
Romero v. State
, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).  Even if the court of appeals would have reached a different result, as long as the trial court's rulings are at least within the "zone of reasonable disagreement," the appellate court should not intercede. 
 
Montgomery
, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990).  
Furthermore, we must uphold the trial court’s decision on any proper grounds, whether or not relied upon by the trial court.  
Ross
, 32 S.W.3d at 855.
  

B.  Search and Seizure

The purpose of both the Fourth Amendment to the Federal Constitution and Article I, § 9 of the Texas Constitution,
(footnote: 2) is to protect an individual's legitimate expectation of privacy from unreasonable governmental intrusion.  
See
 
Villarreal v. State
, 935 S.W.2d 134, 
138 (Tex.Crim.App. 1996);
 
Richardson v. State
, 865 S.W.2d 944, 948 (Tex.Crim.App. 1993).  An unconsented-to police entry into a residence is a “search” within the meaning of the Fourth Amendment and Article I, § 9 of the Texas Constitution, with respect to those persons who have a legitimate expectation of privacy in the residence.  
Villarreal
, 935 S.W.2d at 136 n.2.  An accused may challenge the admission of evidence obtained by governmental intrusion, however, only if the accused had a legitimate expectation of privacy in the place invaded.  
Rakas v. Illinois
, 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978);  
Richardson
, 865 S.W.2d at 948-949.  The proponent of a motion to suppress has the burden of proving that his own personal Fourth Amendment rights were violated by the challenged search or seizure.  
Rakas
, 439 U.S. at 130 n.1, 99 S.Ct. at 24 n.1.  Such burden includes proving facts establishing a legitimate expectation of privacy.  
Villarreal
, 935 S.W.2d at
 138
.  To carry this burden, the accused must normally prove that:  (a) by his conduct, he exhibited an actual subjective expectation of privacy, 
i.e
., a genuine intention to preserve something as private; and (b) circumstances existed under which society is prepared to recognize his subjective expectation as objectively reasonable.  
Smith v. Maryland
, 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979); 
Villarreal
, 935 S.W.2d at
 138
.   Some of the factors to be considered in determining whether the accused's subjective expectation was one that society recognizes as objectively reasonable are whether the accused: (1) had a property or possessory interest in the place invaded; (2) was legitimately in the place invaded; (3) had complete dominion or control and the right to exclude others from the place invaded; (4) took such normal precautions as would be customarily taken by those seeking privacy
, before the intrusion by governmental officers; (5) put the place to some private use; and (6) is asserting a claim of privacy consistent with historical notions of privacy.  
Id
.
  Whether a particular expectation of privacy is one society is willing to recognize as reasonable is a legal rather than a factual inquiry, and appellate courts review such question 
de novo
.  
Id
. at 138 n.5. 

ANALYSIS

In addressing appellant’s Fourth Amendment argument, we find 
Villarreal
 instructive.  In 
Villarreal
, the appellant sought to suppress drugs discovered by police in a house where one of Villarreal’s friends, Varner, lived.  The basis for Villarreal’s motion to suppress was that the evidence against him was fruit of an entry into the Varner residence which was unreasonable and violated Villarreal’s rights under the Fourth Amendment and Article I, § 9 of the Texas Constitution.  

Evidence at the suppression hearing showed that police broke into the Varner house after persons suspected of being involved in drug transactions were confronted by police, fled into the Varner house, locked the doors, and refused to open the doors when police sought permission to enter.  The police broke through the door to the residence and found drugs and other paraphernalia which appellant sought to exclude from evidence via his motion to suppress.  Varner testified that Villarreal was an invited guest in the residence, Villarreal had not planned to stay overnight in the residence, but could have if he chose to, and Villarreal did not have any personal property in the residence at the time of the entry and search by the police.  The Court of Criminal Appeals concluded that Villarreal’s actions established his subjective expectation of privacy in Varner’s residence.  Despite Villarreal’s subjective expectation, however, the denial of his motion to suppress was affirmed because the totality of the circumstances did not demonstrate that Villarreal’s subjective expectation was objectively reasonable.  
Villarreal
, 935 S.W.2d at
 139
.
 The Court noted that Villarreal presented no evidence that (1) he had a property or possessory interest in the residence; (2) he had dominion or control over the residence; (3) he had the right to exclude others from the residence; or (4) he intended to stay overnight in the residence.  
Id
. at
 139
.

In the matter pending before us, the trial court did not file findings of fact, although it wrote a letter to the attorneys for the parties expressing its view that the evidence did not sustain appellant’s burden of proof in several particulars.  
See
 
State v. Ross
, 32 S.W.3d at 858.  The trial court viewed the evidence presented at the hearing on appellant’s motion to suppress in the same way as the Court of Criminal Appeals viewed the evidence in 
Villarreal
: appellant did not prove that he had a reasonable, legitimate expectation of privacy in the house where drugs were found by the police. 

Appellant’s proof showed that the structure was a rent house with no occupants, no furniture to speak of, no running water, and no gas.  Proof offered at the suppression hearing was that Jesus Rodriguez had permission from Manuela Rodriguez, the owner, to be in the house.  Appellant did not prove that Manuela Rodriguez even knew who he was.  Appellant did not prove that he had a property or possessory interest in the house, or an intent to stay in the house for any period of time.  He did not prove that he had dominion or control over the house, or the right to exclude anyone from the house.      

The trial court did not abuse its discretion in denying appellant’s motion to suppress.  
See
 
Villarreal
, 935 S.W.2d at 139.  The trial court’s implied finding that, factually, appellant did not prove an expectation of privacy was not arbitrary or unreasonable, 
Brown v. State
, 960 S.W.2d 772, 778 (Tex.App.--Dallas 1997, pet. ref’d), or outside the zone of reasonable disagreement.  
Benitez v. State
, 5 S.W.3d 915, 918 (Tex.App.--Amarillo 1999, pet. ref’d.).  Thus, the trial court did not abuse its discretion in reaching its view of the facts as expressed in its letter to the attorneys and in its implied findings of fact.  And, we agree with the trial court’s legal conclusion that this record does not demonstrate that appellant had a legitimate, reasonable expectation of privacy in the house.  Therefore, appellant may not challenge the search of the house or seizure of the evidence as a violation of his rights under the Fourth Amendment.  

In response to appellant’s assertion that his arrest violated CCP art. 14.05, the trial court was of the opinion that the house in which appellant was arrested was not a “residence,” and that appellant’s arrest was not precluded by article 14.05.  We need not and do not address the question for two reasons.  
See
 
Tex. R. App. P
. 47.1.  First, even if the house was a “residence,” appellant did not prove a legitimate, reasonable expectation of privacy in the structure.  
See
 
Villarreal
, 935 S.W.2d at 138-39.  Second, admissibility of the evidence sought to be suppressed was not dependent on either the search of the house or seizure of the evidence being incident to a legal arrest. 

CONCLUSION

We overrule appellant’s single issue.  The judgment of the trial court is affirmed.  Tex. R. App. P. 43.2(a).

Phil Johnson

        Justice

Do not publish.accomplice testimony in determining the sufficiency of the corroborating evidence, all of the accomplice testimony shall be eliminated.  McDuff v. State, 939 S.W.2d 607, 612 (Tex.Cr.App. 1997), 
cert. denied
, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997).  The remaining evidence is then considered in the light most favorable to the jury’s verdict.  Gill v. State, 873 S.W.2d 45, 48 (Tex.Cr.App. 1994).  The non-accomplice evidence does not need to prove appellant’s guilt beyond a reasonable doubt nor does it have to directly link appellant to the crime; it must only tend to connect appellant to the offense.  Burks v. State, 876 S.W.2d 877, 888 (Tex.Cr.App. 1994),
 cert. denied
, 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); Reed v. State, 744 S.W.2d 112, 126 (Tex.Cr.App. 1988).  When considering the sufficiency of non-accomplice testimony each case must be considered on its own facts and circumstances.  Etheredge v. State, 542 S.W.2d 148, 150 (Tex.Cr.App. 1976).  All the facts and circumstances in evidence may be looked to as furthering the necessary corroboration.  Callaway v. State, 818 S.W.2d 816, 832 (Tex.App.–Amarillo, 1991, pet. ref’d).  

The victim testified appellant had the same size and build as the person who shot her.  A witness who gave both men a ride after the robbery testified that the accomplice asked appellant, “Why did you shoot the lady?”  Appellant made no response, but when asked what he did with the gun, he said “I stashed it in the graveyard.”  A shotgun was recovered from a cemetery adjacent to the store that was robbed, through which the accomplice testified the two men fled.  This shotgun was identified by the victim’s husband as the weapon appellant used to shoot his wife. A picture of a gun known to have been owned by appellant was introduced at trial, and the jury was able to draw its own conclusion about the similarity between the picture and the gun actually recovered. 

From all the evidence, we conclude that the non-accomplice testimony and tangible evidence together is sufficient to corroborate the accomplice testimony.  We conclude that a rational trier of fact could have found the essential elements of aggravated robbery beyond a reasonable doubt.  Viewing the facts in the light most favorable to the verdict and without substituting our judgment for that of the jury’s, we hold that the evidence is legally sufficient to sustain appellant's conviction.  Appellant's first issue is overruled. 

Accordingly, the judgment of the trial court is affirmed. 

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
Further references to the Texas Code of Criminal Procedure will be by reference to “CCP art. _.”

2:
Appellant does not separately brief his Texas constitutional claim, nor argue that the Texas Constitution provides more protection to him in this matter than does the United States Constitution, thus we will not address his state constitution claim separately.  
See
  
Johnson v. State
, 853 S.W.2d 527, 533 (Tex.Crim.App. 1992).  Moreover, we note in passing that the Texas Constitution does not impose any greater restrictions on police conduct than those imposed by the Fourth Amendment to the United States Constitution.  
Gordon v. State
, 801 S.W.2d 899, 912 (Tex.Crim.App. 1990).