

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00314-CR

JOSEPH GONZALEZ JR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2017-411,476, Honorable William R. Eichman II, Presiding

September 16, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Joseph Gonzalez, Jr., appeals his conviction by jury for the offense of aggravated robbery.[1]  After the State proved two prior felony convictions to enhance appellant's punishment, the trial court assessed appellant's punishment at sixty years' incarceration.  We affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03 (West 2019).

Factual and Procedural Background

At approximately 8:40 p.m. on January 27, 2017, a Lubbock restaurant, Picantes, was robbed by three armed men. At the time of the robbery, seven people were in the restaurant. One of the robbers forced the employees into the kitchen where he took the employees' money and cellular phones. Another of the robbers demanded the two customers that were present give him their phones, wallets, and keys. Soon after entering the restaurant, the three assailants fled the scene and were not immediately apprehended. Because the men concealed their faces, none of the witnesses saw any of the criminals' faces. However, several of the victims described one of the assailants as having a tattoo on his neck. When the men left the restaurant, another witness saw them drive off in a "brownish-gold" Tahoe.

After the robbery, investigating officers obtained surveillance video from businesses located near Picantes. On those videos, a tan Tahoe can be seen parked near the restaurant at the time of the robbery. Officers were able to identify that one of the suspects had a neck tattoo and wore a flat-brimmed baseball cap.

After receiving a crime line tip that implicated appellant and his brother, Phillip Velazquez, investigators went to the home of Correna Barela, the suspects' sister, to determine whether she would be able to identify any of the robbers recorded on surveillance video. Berela identified Velazquez as one of the robbers but she was not able to identify appellant from the video.

Investigating officers also learned that Velazquez had been seen recently at the home of his brother-in-law, Cody Robles. Officers contacted Robles. When asked if he had seen appellant and Velazquez recently, Robles told the officers that appellant and

2

Velazquez had come to his house in Levelland within days of the robbery and asked if they could stay at his place because they had "done something bad." Robles allowed them to stay at his house for a couple of days. Appellant parked his Tahoe in Robles's backyard while he stayed there, which, according to Robles, was unusual.

Appellant was subsequently indicted for the offense of aggravated robbery based on his alleged participation in the Picantes robbery. During trial, the above facts were presented. However, when Robles testified at trial, he denied telling the police that appellant and Velazquez came to his house seeking a place to hide. The State called Damian Villareal to testify. Villareal was also indicted for the Picantes robbery. He testified that he, appellant, and Velazquez committed the Picantes robbery. Villareal's cell phone indicated that appellant and Velazquez were in consistent contact with Villareal both before and after the Picantes robbery. At the close of evidence, the trial court instructed the jury that Villareal was an accomplice witness and that his testimony must be corroborated by other evidence that "tends to connect" appellant to the Picantes robbery before it can be considered by the jury. The jury returned a verdict convicting appellant of aggravated robbery. The trial court sentenced appellant to a sixty-year sentence of incarceration. Appellant timely filed the instant appeal.

Appellant's sole appellate issue contends that the evidence is insufficient to support appellant's aggravated robbery conviction under the accomplice testimony rule.

Standard of Review

In reviewing the sufficiency of evidence to support a conviction, we apply the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). Under

3

that standard, when assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 912. The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and we will not usurp this role by substituting our judgment for that of the jury. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). We also measure the sufficiency of the evidence against the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

In the present case, appellant was charged with the offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03(a)(2). As applicable to the current case, the State was required to prove that appellant used or exhibited a deadly weapon to unlawfully appropriate property with an intent to deprive the owner of the property and maintain control of the property. *Id.* (cross-referencing sections 29.02 (West 2019), and 31.03 (West 2019)).

Because accomplices often have incentives to lie, the legislature has determined that caution should be exercised in using their testimony to convict a co-defendant. *Blake v. State*, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998) (en banc). To that end, the Texas Code of Criminal Procedure provides that a conviction may not rest on the testimony of an accomplice unless the testimony is "corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it

merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). The test for weighing the sufficiency of the corroborative evidence under the accomplice witness rule is to eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to determine whether any evidence tends to connect the accused with the commission of the crime. *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007). This standard is met when the non-accomplice evidence allows rational jurors to conclude that this evidence sufficiently tends to connect the accused to the charged offense. *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). Evidence that a criminal offense was committed is insufficient to corroborate an accomplice's testimony. *Minton v. State*, 485 S.W.3d 655, 659 (Tex. App.—Amarillo 2016, pet. ref'd). Likewise, evidence that the defendant was present at or near the scene of the crime is not, in itself, sufficient to tend to connect defendant to the crime. *Etheredge v. State*, 542 S.W.2d 148, 150 (Tex. Crim. App. 1976). However, if the combined weight of the non-accomplice evidence tends to connect the defendant to the offense, then all the evidence, including the accomplice witness's testimony, is considered to determine whether the evidence was sufficient to support the conviction. *Cathey v. State*, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999) (en banc); *Minton*, 485 S.W.3d at 659.

## Analysis

In the present case, the accomplice witness is Damian Villareal, who qualifies as an accomplice as a matter of law since he was charged with the same offense as appellant. *See Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011). Excluding Villareal's testimony and viewing the remaining evidence most favorably to the jury's verdict, the record reflects that appellant physically resembled the man seen in the

surveillance videos; appellant owns clothes similar to those worn by the man who robbed Picantes; appellant can be seen in a picture posing in front of a tan Tahoe that resembles the tan Tahoe involved in the robbery; appellant communicated with Villareal on the night of the robbery and the following morning; Robles told police that, around the time of the robbery, appellant and Vazquez sought refuge at his house and hid a tan Tahoe in his backyard; appellant's sister identified Vazquez as one of the robbers after watching the surveillance video; and one of the victims identified appellant as one of the robbers through a photo lineup. Remaining mindful that the jury is free to believe or disbelieve any evidence, *see Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000) (en banc), it appears that the jury credited the identification of appellant as one of the robbers by one of the victims, even though the witness indicated that he was only fifty percent certain that appellant was the right person. Further, we must conclude that the jury believed that Robles was being truthful when he told police that appellant asked Robles if he could hide out at Robles's residence and hid a tan Tahoe in Robles's backyard. As appellant correctly alleges, none of this evidence, by itself, is sufficient to tend to connect appellant to the robbery. However, considered cumulatively, the evidence was sufficient for the jury to conclude that it met the low threshold of tending to connect appellant to the robbery.

Appellant does not challenge the sufficiency of the evidence to support his conviction for the offense of aggravated robbery when Villareal's testimony is considered and, after reviewing the record evidence, we conclude that the evidence is sufficient to support that verdict.

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.