Elzia Allen **RICHARDSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–89–00732–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 21, 1990.

Randy McDonald, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

CANNON, Justice.

The appellant was convicted of aggravated assault and, with enhancement for pri-

or burglary and forgery convictions, was sentenced by the jury to thirty-one years. In the sole point of error, the appellant contends that the trial court erred by not submitting an instruction on the lesser included offense of reckless conduct in the charge to the jury. We find no error was committed and affirm the conviction of the trial court.

The conviction resulted from a visit by the appellant to a Stop-n-Go on October 22, 1988. The appellant had frequented the convenience store on other occasions and was an unwelcome patron. The manager and assistant manager of the store testified that the appellant threw open the door and stomped into the store that day under the influence of drugs or alcohol. Both witnesses indicated that they were familiar with the appellant as "Red". The assistant manager testified that while he was telling the appellant to leave the store, the appellant removed a Busch beer from the cooler, exercised his command of abusive language, threw a small amount of change at him (not enough to cover the purchase of the beer) and left the store.

The manager testified that he heard the commotion and came from the back of the store during this exchange, and that both he and the assistant manager went outside after the appellant. The manager further testified that he approached the driver's side of the car, tapped on the window, and told the appellant get off the property and not return. Both witnesses testified that the appellant made further abusive statements, and told the manager that he would "blow" him "away". They stated that the appellant then reached down to the floorboard of the passenger side of the car and came up with what appeared to be a .38 caliber revolver. Both employees retreated into the store and called the police. The appellant was arrested nearby approximately one week later.

The appellant relies on *Mullins v. State*, 767 S.W.2d 166 (Tex.App.—Houston [1st Dist.] 1988, no pet.) to support his argument that a charge for reckless conduct was necessary. However, *Mullins* is distinguishable because in that case, evidence was submitted to the jury of a less culpable mental state on the part of the defendant. In the case at bar, there was no evidence presented that the appellant intended to do anything less than "blow" the manager "away".

The test for determining whether a charge on a lesser included offense is necessary is set forth in both *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981) and *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App.1985). The lesser included offense must first be included within the proof necessary to establish the offense charged, then there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. In other words, there must be some evidence that contradicts the evidence of the greater element. In *Mullins*, as the State conceded that the first prong of the test had been met, the appellate court discussed only whether there was some evidence in the record that would support a finding of guilt as to only the lesser included offense.

Here also the lesser included offense of reckless conduct is included in the proof necessary to establish the charged offense of aggravated assault. Therefore, the pertinent question is whether there is *any* evidence that the accused is guilty *only of* the lesser offense. Reckless conduct is basically the same offense as aggravated assault with a less culpable mental state. *Bell v. State*, 693 S.W.2d 434, 438 (Tex. Crim.App.1985). TEX. PENAL CODE ANN. § 6.03(c) (Vernon 1974) defines recklessness:

A person acts recklessly, or is reckless with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of, but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances a viewed from the actor's standpoint.

In *Mullins*, there was conflicting testimony regarding the defendant's intent. In this case, however, there was not a shred of evidence that the appellant recklessly displayed the firearm. The only evidence of his mental state was the testimony of the two witnesses who heard him threaten to "blow" the manager "away". As there was no evidence before the jury to place the appellant's intent in issue, a charge on the lesser included offense would have been improper.

The evidence before the jury permitted them to find that either the appellant committed aggravated assault or he did not. They weighed that evidence, and found that he did. The appellant's point of error is overruled. We find no reversible error and affirm the judgment.