**Reuben BARRON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–92–00030–CR.**

Court of Appeals of Texas, Texarkana.

Oct. 26, 1993.

John Tatum, Dallas, for appellant.

Carolyn Fitz-Gerald Levin, Asst. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Ruben Barron appeals from a conviction for aggravated assault with a deadly weapon. He was sentenced to seventy-five years' confinement in the penitentiary.

On appeal, Barron contends that the trial court erred in finding that the State did not exercise its peremptory challenges based solely on race, in denying his request for a charge on the lesser included offense of reckless conduct, and in overruling his objection to evidence of an extraneous offense. He also complains that the evidence offered by the State was insufficient to support the conviction of aggravated assault.

At trial, the State presented witnesses who testified to the following: On the night of September 19, 1991, Barron and the victim, Roberto Vera, were both outside the Faces nightclub in Dallas. Vera was standing outside the club talking to a friend when Barron bumped into him on his way into the club. Barron then told Vera to watch where he was going. Barron attempted to provoke a fight with Vera and Vera refused, calling Barron "stupid." Barron became enraged and continued to incite a fight with Vera, telling him that he had already been to the "pen" once and had nothing to lose. Vera, in order to avoid a fight, repeatedly told Barron to leave

him alone, but finally agreed to fight. Barron and Vera walked across the street from the Faces Club to a grassy area, at which point Barron "brought his hands up," revealing a shiny object in Barron's hand. Upon seeing the shiny object, Vera fell to the ground because he believed Barron had a gun. While he was on the ground, Vera heard two gunshots fired over his head. Kelly Talent, a Faces Club security guard who witnessed the altercation, testified that he saw a weapon no smaller than a nine millimeter in Barron's hand and that he saw two flashes come from the muzzle of the weapon. Talent came to Vera's aid and fired a shot at Barron as he fled.

■ Barron first contends that the trial court erred in ruling that the State's peremptory strikes were racially neutral. Barron challenges the strikes on the basis of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), claiming that two venire members were struck by the State solely on the basis of race. In *Batson*, the Supreme Court held that a defendant may establish a prima facie case of purposeful discrimination by showing that he is a member of a cognizable racial group, that the group's members have been excluded from the jury, and that the facts and circumstances of the case raise an inference that the exclusion was based on race. In this case, the defendant is Hispanic and the venire members in question are black. A criminal defendant may object to race-based exclusions of jurors effected through peremptory challenges, whether or not the defendant and the excluded juror share the same race. *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *Robinson v. State*, 851 S.W.2d 216 (Tex.Crim.App.1991). The trial judge asked the prosecutor to tender explanations for striking the two venire members. The prosecutor then offered explanations for the two peremptory challenges in question, and Barron's counsel said he had no questions regarding the explanations. The trial judge found the prosecutor's peremptory strikes to be racially neutral.

■ According to the prosecutor, she made the peremptory strikes because both venire members were not sure whether they could consider the full range of punishment for the offense charged. According to *Green v. State*, striking someone who expresses doubt about assessing the full range of punishment is race-neutral even if that venire member is ultimately rehabilitated. 839 S.W.2d 935, 939 (Tex.App.—Waco 1992, pet. ref'd). The reason for a peremptory strike need not rise to the level of a challenge for cause to be considered legitimately race-neutral. *Batson*, 476 U.S. at 96, 106 S.Ct. at 1722; *Green*, 839 S.W.2d at 939. Barron did not interrogate the prosecutor in an effort to show that any of the explanations given were a sham or pretext.

■ Barron offers no information regarding the racial makeup of the jury venire or the racial composition of the resulting jury. The record does not show a complete racial breakdown of the strikes of both parties or other relevant circumstances. The burden is on the defendant to present an appellate record that is sufficiently complete to demonstrate error. Tex.R.App.P. 50; *Kizart v. State*, 811 S.W.2d 137 (Tex.App.—Dallas 1991, no pet.); *McKinney v. State*, 744 S.W.2d 252, 256 (Tex.App.—Waco 1987, no pet.). The record before us is insufficient to show that the prosecutor exercised purposeful discrimination in the peremptory challenges of the two venire members in question. This point of error is overruled.

■ In Barron's second point of error, he contends the trial court erred in overruling his request for a charge on the lesser included offense of reckless conduct. In *Rousseau v. State*, the Court of Criminal Appeals outlined the appropriate test to be applied in determining whether a defendant is entitled to a jury charge on a lesser included offense: the lesser included offense must be included within the proof necessary to establish the offense charged, and some evidence must exist in the record that would allow a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense. 855 S.W.2d 666 (Tex.Crim.App. 1993). In other words, there must be some evidence that contradicts the evidence of the greater element. *Richardson v. State*, 795 S.W.2d 3 (Tex.App.—Houston [14th Dist.]

1990, pet. ref'd). A defendant may be shown to be guilty only of the lesser offense if the evidence presented is subject to different interpretations, thereby requiring a charge on both the lesser and the greater. *Saunders v. State*, 840 S.W.2d 390 (Tex.Crim.App. 1992).

Section 22.02(a)(4) of the Penal Code provides that a person commits the offense of aggravated assault if the person uses a deadly weapon in the course of committing assault. TEX.PENAL CODE ANN. § 22.02(a)(4) (Vernon Supp.1993). Section 22.01(a)(2) provides that a person commits the offense of assault if he intentionally or knowingly threatens another with imminent bodily injury. TEX.PENAL CODE ANN. § 22.01(a)(2) (Vernon 1989). The indictment charged Barron with aggravated assault. The difference between the offenses of aggravated assault and reckless conduct is essentially that reckless conduct involves a less culpable mental state. *Bell v. State*, 693 S.W.2d 434, 438–39 (Tex. Crim.App.1985); *Richardson v. State*, 795 S.W.2d at 4. Reckless conduct, as defined by Section 22.05(a) of the Penal Code, is conduct that places another in imminent danger of serious bodily injury. TEX.PENAL CODE ANN. § 22.05(a) (Vernon 1989). "A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct ... when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX.PENAL CODE ANN. § 6.03(c) (Vernon 1974).

Barron contends that he did not intend to shoot at Vera or even in Vera's direction because if he had, the bullets would have entered the ground around Vera while he was down on his hands and knees. Barron argues that *Bell* shows that reckless conduct is a lesser included offense of aggravated assault with a deadly weapon under the facts and circumstances of the present case. However, in *Bell* the defendant fired shots at a trailer on the side of a hill from his truck not knowing whether the trailer was occupied. The court characterized this as a conscious disregard of the risk that the trailer might be occupied. In this case the evidence shows that Barron provoked Vera to the extent that Vera felt he had no other choice but to fight. Barron threatened Vera and told him he had "nothing to lose." In *Bell* the defendant's lack of knowledge as to whether the trailer was occupied kept him from knowing that he was shooting at another person. In the present case, all the evidence suggests that Barron intended to shoot at Vera. No evidence is cited that would show that Barron intended to shoot into the air and did not shoot at Vera. Evidence that the bullets did not hit Vera does not contradict that Barron was acting knowingly and intentionally in placing Vera in fear of imminent danger of serious bodily injury when he fired the gun at him. The trial court did not err in not charging the jury on the lesser included offense of reckless conduct. This point of error is overruled.

■ Barron contends the trial court erred by allowing evidence of an extraneous offense over his objection that it was inadmissible and that the unfair prejudice caused by its introduction would outweigh its probative value. Barron argues that allowing Vera's interpretation of a statement made by Barron suggesting an extraneous offense was an improper attack on his character. Evidence of other crimes, wrongs, or acts are generally not admissible to prove the character of a person, but they may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R.CRIM.EVID. 404(b). Barron argues that the statement made to Vera concerning his prior stay in the "pen" should have been excluded due to its minimal probative value and its highly prejudicial nature, citing *Ridgely v. State*, 756 S.W.2d 870 (Tex.App.—Fort Worth 1988, no pet.).

■ The State is entitled to show circumstances surrounding the arrest; however, that rule is restricted by the same test as an extraneous matter, that is, the evidence must be relevant to a material issue in the case and the probative value must outweigh the prejudicial value. *Couret v. State*, 792 S.W.2d 106 (Tex.Crim.App.1990). The proponent of evidence of "other crimes, wrongs, or acts" must satisfy the trial court that the extraneous act has relevance apart from or

beyond its tendency to prove character of the person. Tex.R.Crim.Evid. 404(b); *McFarland v. State*, 845 S.W.2d 824 (Tex.Crim.App. 1992). The *res gestae* statement made by Barron was relevant to establish Barron's intent and motive.[1] The evidence showed that Barron initiated the confrontation with his verbal threats and his wish to fight Vera, and that the resulting aggravated assault upon Vera was a continuation of the initial threats. Those threats set the stage for the jury's comprehension of the whole criminal transaction and helped establish his intent and motive in firing the shots.

When such evidence is found to be relevant, it still must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Tex.R.Crim.Evid. 403. When the trial court is called upon to balance the probativeness and prejudice of evidence of "other crimes, wrongs, or acts," a presumption exists favoring the former. *McFarland v. State*, 845 S.W.2d at 837. In other words, this rule carries with it a presumption that relevant evidence will be more probative than prejudicial. *Green v. State*, 840 S.W.2d 394 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993). After a review of the record, we find that the trial court correctly determined that the unfair prejudice in admitting this evidence did not outweigh its probative value. This point of error is overruled.

▮▮▮▮ In his final point of error, Barron contends that the evidence was insufficient to support a conviction for aggravated assault. Barron argues that Vera never actually saw a gun in his hand and the State's witness only assumed that Barron had a gun. Barron's contention that the evidence is insufficient to support the verdict might fairly be said to question whether the evidence is both legally and factually sufficient. In reviewing the legal sufficiency of the evidence, we look at all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Rivera v. State*, 808 S.W.2d 80, 91 (Tex.Crim. App.1991). In reviewing the factual sufficiency of the evidence, we look at all the evidence and determine whether the conviction is against the great weight of the evidence. The trier of fact is free to accept or reject any or all of a witness's testimony. *Adelman v. State*, 828 S.W.2d 418 (Tex.Crim. App.1992).

State's witness Kelly Talent testified that Barron had a weapon that was at least nine millimeters in size and that he saw two flashes come from the muzzle of the weapon. Vera testified that he saw something shiny in Barron's hand and heard two gun shots within close proximity of his head. This evidence, coupled with evidence of the threats that had been made by Barron, was sufficient for the jury to have found beyond a reasonable doubt that Barron fired a gun at Vera. There was both factually and legally sufficient evidence to show beyond a reasonable doubt that Barron knowingly and intentionally used a deadly weapon to threaten Vera with imminent bodily injury. This point of error is overruled.

The judgment of the trial court is affirmed.

---

1. In a case decided prior to the adoption of the Rules of Criminal Evidence, the Court of Criminal Appeals admitted a statement by the defendant stating that he had learned to tie knots while in prison. *Welch v. State*, 373 S.W.2d 497 (Tex.Crim.App.1963). The Court found that the statement was admissible as part of the *res gestae*.