NO. 07-00-0493-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 11, 2002

_____

CHARMIN LEE CREW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 263RD DISTRICT COURT OF HARRIS COUNTY;

NO. 833,517; HONORABLE JIM WALLACE, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Upon a plea of not guilty, appellant Charmin Lee Crew was convicted by a jury of aggravated robbery and punishment was assessed at 55 years confinement. Presenting three issues, he challenges his conviction. By issue one, he contends the evidence was insufficient as a matter of law to support his aggravated robbery conviction. By issues two and three, he contends the trial court erred in admitting evidence of an extraneous offense

in violation of TEX. R. EVID. 404(b) and 403. Based upon the rationale expressed herein, we affirm.

On October 9, 1999, at approximately 9:00 p.m., appellant and his accomplice entered the Wheatley Food Store wearing masks concealing their faces. Appellant was carrying a shotgun. The victim and her husband, owners of the store, were in the cashier booth enclosed behind a plexiglass window. Appellant pointed the shotgun at the door of the cashier booth and ordered the victim to open it. When the victim did not comply, appellant pointed the shotgun at her, touching the plexiglass window with the weapon, and without any further warning shot the victim in the head.

The two assailants immediately fled the scene on foot through a cemetery and field to the home of an acquaintance to get a ride out of the area. While in the vehicle, the driver overheard portions of the conversation between the two and testified at trial. A shotgun which had been customized and modified was recovered from the cemetery by officers, which was later identified by the victim's husband as the weapon used in the robbery. Police investigation first led to the name of appellant, but prior to questioning him, police interviewed the driver. This interview led to the identification and confession of appellant's accomplice, who implicated appellant as the individual who shot the victim. The accomplice also testified at trial. On August 17, 2000, appellant was found guilty of the offense.

Considering appellant's issues in logical rather than sequential order, we first consider issues two and three. By issue two, appellant contends the trial court erred in admitting evidence of an extraneous offense in violation of TEX. R. EVID. 404(b), by admitting into evidence photographs of a shotgun taken three years prior to this offense, and testimony from the police officer who took the photographs. He argues this constituted inadmissible character evidence or evidence of an extraneous offense. Appellant further argues the requisite prior notice of such character evidence was not given in compliance with TEX. R. EVID. 404(b). By issue three, appellant contends in the alternative this same evidence should have been excluded under TEX. R. EVID. 403.

A timely and reasonably specific objection is required to preserve error for appellate review. TEX. R. APP. P. 33.1(a); Butler v. State, 872 S.W.2d 227, 236 (Tex.Cr.App. 1994), *cert. denied*, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). Where the alleged error relates to the admission of evidence, a timely objection must be made stating the specific ground of objection. TEX. R. EVID. 103(a)(1); Higgins v. State, 924 S.W.2d 739, 745 (Tex.App.–Texarkana 1996, pet. ref'd ). In addition, the objection at trial must comport with the error complained of on appeal. Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996), *cert. denied*, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). Appellant objected to the admission of the photographs and testimony at trial on the grounds that it was inadmissible extraneous offense evidence and was substantially more prejudicial than probative, but his objections were overruled. Here, he also contends the trial court erred

3

by admitting the photographs and testimony because the requisite notice was not given under Rule 404(b). As to the issue of notice under the Rule, no objection was raised at trial, and therefore this issue was not preserved for appeal.

Whether evidence is admissible is within the sound discretion of the trial judge. Jackson v. State, 575 S.W.2d 567 (Tex.Cr.App.1979). Therefore, the standard of review for admission or exclusion of evidence is abuse of discretion. Erdman v. State, 861 S.W.2d 890, 893 (Tex.Cr.App.1993). A trial judge does not abuse his discretion unless he has "acted arbitrarily and unreasonably, without reference to any guiding rules and principles." Breeding v. State, 809 S.W.2d 661, 663 (Tex.App.–Amarillo 1991, pet. ref'd). As long as the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion and the trial court's ruling will be upheld. *See* Rachal v. State, 917 S.W.2d 799, 807 (Tex.Cr.App.1996), *cert. denied*, 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 539 (1996). But, if it cannot be concluded from common reasonable experience that the evidence has a tendency to make the existence of a fact of consequence more or less probable, then the trial court's decision was not within the zone of reasonable disagreement and it abused its discretion. *Id.*

Therefore, the discretion to admit or exclude evidence is not absolute. For example, extraneous offense or character evidence is generally inadmissible:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may,

4

however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b). Appellant urges the application of Rule 404(b), and argues generally that the evidence was inadmissible because the State did not explain under which Rule 404(b) exception this evidence fell.

We disagree with appellant's argument that the photograph of the shotgun and the testimony regarding the photograph were somehow evidence of other crimes, wrongs, or acts under Rule 404(b). To constitute an extraneous offense, the evidence must show a bad act or crime and that the defendant was connected to it. Moreno v. State, 858 S.W.2d 453, 463 (Tex.Cr.App.1993), *cert. denied*, 510 U.S. 966, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993); Lockhart v. State, 847 S.W.2d 568, 573 (Tex.Cr.App.1992), *cert. denied*, 510 U.S. 849, 114 S.Ct. 146, 126 L.Ed.2d 108 (1993).

If no crime or bad act is shown, then the evidence is not extraneous offense evidence. *See* Arthur v. State, 11 S.W.3d 386, 390 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd). For example, testimony that "a traffic stop" had occurred would not create an inference that the car in which appellant was found was a stolen vehicle. *Id.* Similarly Rule 404(b) does not bar evidence that a vehicle in which defendant had been riding at the time of his arrest had been reported stolen hours before the charged robbery.

5

Rodriguez v. State, 975 S.W.2d 667, 684 (Tex.App.–Texarkana 1998, pet. ref'd). A statement indicating that defendant had been in detention but showing nothing in regard to what, if any, offense had been committed by defendant was not evidence of an unadjudicated extraneous offense. Laca v. State, 893 S.W.2d 171, 185 (Tex.App.–El Paso 1995, pet. ref'd). Ultimately, if the proffered evidence does not show that an offense or bad act was committed, then it is not evidence of an extraneous offense. *See Arthur*, 11 S.W.3d at 390.

Appellant contends a photograph of a shotgun and officer testimony regarding the photograph should not have been admitted into evidence at trial. The following exchange took place after an objection from the appellant:

> MR. BARR: I have no idea what this witness is going to be testifying to and I am concerned that Ms. Thornton maybe is attempting [to] bring out through this witness some information about a prior conviction of my client.
>
> MS. THORNTON: Just the fact that the shotgun was found in his house three years ago, the one that was used in the aggravated robbery.
>
>                         \*   \*   \*
>
> MR. BARR: I can tell you the only reason, Judge that shotgun was found in his house on a prior occasion because he had been arrested for the case that he ultimately got probation for.
>
> THE COURT: What do we have exactly that–because the ballistic–what do we have actually that ties this shotgun to this offense?
>
> MR. BARR: Nothing.

6

MS. THORNTON:    Yes, we do.

THE COURT:    What?

*  *  *

MS. THORNTON:    Well, I believe I do.  The complainant testified that–Mr. Tran testified that the shotgun that was used in the aggravated robbery.  Not only did Mr. Tran testify that was the shotgun that was used in the aggravated robbery, Mr. Scott testified that was the shotgun that was used in the aggravated robbery.  Not only that but Mr. Buchanan just said that big man said he ditched it in the cemetery.

THE COURT:    Is this officer going to be able to identify this weapon by serial number?

MS. THORNTON:    No.

*  *  *

MS. THORNTON:    No, but the photograph was taken of this weapon at the home of Mr. Big Man, Mr. Crew, what?  Tow and a half years ago in '97.

***

THE COURT:    So the only thing that you are going to elicit from the officer that he saw this weapon in the defendant's home two and a half years ago period.

MR. BARR:    This is also arguably extraneous.  It's an extraneous offense that she is trying to–

THE COURT:    What's extraneous about having a shotgun in your home?

MR. BARR:    If you see the shotgun and see that the shotgun is altered–

MS. THORNTON:    He was not charged.

MR. BARR:    It doesn't make any difference if he was charged.  This is a matter of bad acts and this is a matter of bringing something that is going to be absolutely more

7

> prejudicial than it is going to be probative in this case. There is no way about it.
>
> * * *
>
> THE COURT: The restriction is that you can ask the officer if he had seen the shotgun before, develop it, seen it in his home and that's it.

The police officer proceeded to testify that on December 1, 1997, he went to appellant's residence and photographed a shotgun. He identified the photographs and they were admitted into evidence. No mention was made of any prior crime, or even about any illegality of the modifications made to the shotgun. This photograph was certainly relevant because it was a picture of a shotgun with custom modifications matching the shotgun which had been identified as the shotgun used in the crime, and because it made appellant's possession of a weapon similar to the one recovered in this case more likely. However, the mere possession of the weapon in the photographs was not imputed to the jury to be a crime, nor was there mention that the weapon might have been used in another crime. Simply stated, the State offered to the jury a photograph of a shotgun with custom modifications previously known to have belonged to appellant, and let the jury draw its own conclusions, and we conclude the trial court did not abuse its discretion by overruling appellant's Rule 404(b) objection. Issue two is overruled.

By his third issue, appellant argues this same evidence should have been excluded under TEX. R. EVID. 403. He urges us to conclude the trial court erred by not excluding the evidence because it was substantially more prejudicial than probative. We disagree.

8

When evidence is found to be relevant, it still must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. When the trial court is called upon to balance the probativeness and prejudice of evidence, a presumption exists which favors finding the evidence more probative than prejudicial. Barron v. State, 864 S.W.2d 189, 193 (Tex.App.–Texarkana 1993, no pet.). This Court will reverse only upon a clear abuse of discretion. *See* Ransom v. State, 920 S.W.2d 288, 299 (Tex.Cr.App. 1996), *cert. denied*, 519 U.S. 1030, 117 S.Ct. 587, 136 L.Ed.2d 516 (1996); *see also* Montgomery v. State, 810 S.W.2d 372, 390 (Tex.Cr.App. 1990) (stating that "[s]o long as the trial court . . . operates within the boundaries of its discretion, an appellate court should not disturb its decision, whatever it may be.").

First, we note the evidence presented by the prosecution to show appellant in fact committed the offense of aggravated robbery was strong: appellant's accomplice confessed to the aggravated robbery and the physical evidence supported the accomplice's statement. Other witness testimony about appellant's behavior and statements the night of the robbery tended to support the accomplice's testimony. On the other hand, we note the perception of the public toward illegally modified shotguns, which could potentially affect the jury. Both the recovered shotgun and the one depicted by the photographs shared the same apparently illegal modifications. However, no mention was made at trial about apparent illegality of the modifications. The evidence was, however,

important to the prosecutor's efforts to conclusively establish a link between appellant and the shotgun recovered.

Any evidence presented by the State is generally prejudicial to the defendant; however, evidence should only be excluded when the probative value is substantially outweighed by the danger of unfair prejudice. In light of these facts, we hold that the trial court did not abuse its discretion in concluding that the danger of unfair prejudice did not substantially outweigh the probative value of this evidence. Issue three is overruled.

By his first issue, appellant contends the evidence was insufficient as a matter of law to support his conviction for the offense of aggravated robbery. Before we commence our analysis of this issue, we take special notice of his argument that "there was no evidence, beyond a reasonable doubt, linking appellant with a shotgun" and that "there is no evidence, beyond a reasonable doubt, linking appellant with any recovered shotgun shells." By these contentions, appellant challenges only the aggravating factor of the offense, to-wit: the use or exhibition of a firearm. Although appellant challenges the sufficiency of the evidence regarding his use of the shotgun, he does not challenge his involvement in the robbery, but rather claims the State did not meet its burden connecting him to the use or exhibition of a firearm. We disagree.

In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have

10

found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991). As an appellate court, we should uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

For the jury to convict appellant of the offense of aggravated robbery, it was required to find beyond a reasonable doubt that appellant exhibited a deadly weapon while committing robbery. TEX. PEN. CODE ANN. § 29.03(a)(2) (Vernon 1994). According to the testimony of his accomplice, appellant had the gun prior to the robbery, brought it with him to the robbery, shot the victim in the face, then discarded it sometime afterward. This testimony was compelling, but was given by appellant's accomplice. The requirement for accomplice testimony is set out in section 38.14 of the Texas Code of Criminal Procedure Annotated (Vernon 1979): a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

When considering accomplice testimony in determining the sufficiency of the corroborating evidence, all of the accomplice testimony shall be eliminated. McDuff v. State, 939 S.W.2d 607, 612 (Tex.Cr.App. 1997), *cert. denied*, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). The remaining evidence is then considered in the light most

11

favorable to the jury's verdict. Gill v. State, 873 S.W.2d 45, 48 (Tex.Cr.App. 1994). The non-accomplice evidence does not need to prove appellant's guilt beyond a reasonable doubt nor does it have to directly link appellant to the crime; it must only tend to connect appellant to the offense. Burks v. State, 876 S.W.2d 877, 888 (Tex.Cr.App. 1994), *cert. denied*, 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); Reed v. State, 744 S.W.2d 112, 126 (Tex.Cr.App. 1988). When considering the sufficiency of non-accomplice testimony each case must be considered on its own facts and circumstances. Etheredge v. State, 542 S.W.2d 148, 150 (Tex.Cr.App. 1976). All the facts and circumstances in evidence may be looked to as furthering the necessary corroboration. Callaway v. State, 818 S.W.2d 816, 832 (Tex.App.–Amarillo, 1991, pet. ref'd).

The victim testified appellant had the same size and build as the person who shot her. A witness who gave both men a ride after the robbery testified that the accomplice asked appellant, "Why did you shoot the lady?" Appellant made no response, but when asked what he did with the gun, he said "I stashed it in the graveyard." A shotgun was recovered from a cemetery adjacent to the store that was robbed, through which the accomplice testified the two men fled. This shotgun was identified by the victim's husband as the weapon appellant used to shoot his wife. A picture of a gun known to have been owned by appellant was introduced at trial, and the jury was able to draw its own conclusion about the similarity between the picture and the gun actually recovered.

From all the evidence, we conclude that the non-accomplice testimony and tangible evidence together is sufficient to corroborate the accomplice testimony. We conclude that a rational trier of fact could have found the essential elements of aggravated robbery beyond a reasonable doubt. Viewing the facts in the light most favorable to the verdict and without substituting our judgment for that of the jury's, we hold that the evidence is legally sufficient to sustain appellant's conviction. Appellant's first issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

13