NO. 07-05-0122-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 8, 2006



______________________________




PAULO B. TREVINO, A/KA PABLO TREVINO, A/K/A PAUL TREVINO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407842; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Paulo B. Trevino, a/ka Pablo Trevino, a/k/a Paul Trevino was convicted
by a jury of driving while intoxicated, enhanced by three prior convictions for driving while
intoxicated, a burglary conviction, and a criminal mischief conviction. At the punishment
phase, appellant pled true to the enhancement paragraphs and the trial court assessed a
life sentence. In presenting this appeal, counsel has filed an Anders (1) brief in support of
a motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the
brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. 
In addition, counsel has demonstrated that he notified appellant of his right to review the
record and file a pro se response if he desired to do so. The Clerk of this Court has also
advised appellant by letter of his right to file a response to counsel's brief. Appellant did
file a response; the State, however, did not favor us with a brief.

 Appellant was stopped for speeding. The officer who initiated the stop testified that
appellant had difficulty fumbling through his wallet to locate his driver's license and his
speech was slurred. A strong odor of alcohol was detected by the officer, and numerous
empty beer bottles were in the vehicle. After appellant unsuccessfully performed three
field sobriety tests, he was arrested and transported to jail.


 We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record,
counsel's brief, and appellant's pro se response, we agree with counsel that the appeal is
frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed.

 Don H. Reavis

 Justice


Do not publish.

1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).


 error for appellate
review. Tex. R. App. P. 33.1(a); Butler v. State, 872 S.W.2d 227, 236 (Tex.Cr.App. 1994),
cert. denied, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). Where the alleged
error relates to the admission of evidence, a timely objection must be made stating the
specific ground of objection. Tex. R. Evid. 103(a)(1); Higgins v. State, 924 S.W.2d 739,
745 (Tex.App.-Texarkana 1996, pet. ref'd ). In addition, the objection at trial must comport
with the error complained of on appeal. Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App.
1996), cert. denied, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). Appellant
objected to the admission of the photographs and testimony at trial on the grounds that it
was inadmissible extraneous offense evidence and was substantially more prejudicial than
probative, but his objections were overruled. Here, he also contends the trial court erred
by admitting the photographs and testimony because the requisite notice was not given
under Rule 404(b). As to the issue of notice under the Rule, no objection was raised at
trial, and therefore this issue was not preserved for appeal.

 Whether evidence is admissible is within the sound discretion of the trial judge. 
Jackson v. State, 575 S.W.2d 567 (Tex.Cr.App.1979). Therefore, the standard of review
for admission or exclusion of evidence is abuse of discretion. Erdman v. State, 861
S.W.2d 890, 893 (Tex.Cr.App.1993). A trial judge does not abuse his discretion unless
he has "acted arbitrarily and unreasonably, without reference to any guiding rules and
principles." Breeding v. State, 809 S.W.2d 661, 663 (Tex.App.-Amarillo 1991, pet. ref'd). 
As long as the trial court's ruling was within the "zone of reasonable disagreement," there
is no abuse of discretion and the trial court's ruling will be upheld. See Rachal v. State,
917 S.W.2d 799, 807 (Tex.Cr.App.1996), cert. denied, 519 U.S. 1043, 117 S.Ct. 614, 136
L.Ed.2d 539 (1996). But, if it cannot be concluded from common reasonable experience
that the evidence has a tendency to make the existence of a fact of consequence more or
less probable, then the trial court's decision was not within the zone of reasonable
disagreement and it abused its discretion. Id.

 Therefore, the discretion to admit or exclude evidence is not absolute. For example,
extraneous offense or character evidence is generally inadmissible:

 Evidence of other crimes, wrongs or acts is not admissible to prove the
character of a person in order to show action in conformity therewith. It may,
however, be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident, provided that upon timely request by the accused in a
criminal case, reasonable notice is given in advance of trial of intent to
introduce in the State's case-in-chief such evidence other than that arising
in the same transaction.


Tex. R. Evid. 404(b). Appellant urges the application of Rule 404(b), and argues generally
that the evidence was inadmissible because the State did not explain under which Rule
404(b) exception this evidence fell.

 We disagree with appellant's argument that the photograph of the shotgun and the
testimony regarding the photograph were somehow evidence of other crimes, wrongs, or
acts under Rule 404(b). To constitute an extraneous offense, the evidence must show a
bad act or crime and that the defendant was connected to it. Moreno v. State, 858 S.W.2d
453, 463 (Tex.Cr.App.1993), cert. denied, 510 U.S. 966, 114 S.Ct. 445, 126 L.Ed.2d 378
(1993); Lockhart v. State, 847 S.W.2d 568, 573 (Tex.Cr.App.1992), cert. denied, 510 U.S.
849, 114 S.Ct. 146, 126 L.Ed.2d 108 (1993). 

 If no crime or bad act is shown, then the evidence is not extraneous offense
evidence. See Arthur v. State, 11 S.W.3d 386, 390 (Tex.App.-Houston [14th Dist.] 2000,
pet. ref'd). For example, testimony that "a traffic stop" had occurred would not create an
inference that the car in which appellant was found was a stolen vehicle. Id. Similarly
Rule 404(b) does not bar evidence that a vehicle in which defendant had been riding at
the time of his arrest had been reported stolen hours before the charged robbery. 
Rodriguez v. State, 975 S.W.2d 667, 684 (Tex.App.-Texarkana 1998, pet. ref'd). A
statement indicating that defendant had been in detention but showing nothing in regard
to what, if any, offense had been committed by defendant was not evidence of an
unadjudicated extraneous offense. Laca v. State, 893 S.W.2d 171, 185 (Tex.App.-El Paso
1995, pet. ref'd). Ultimately, if the proffered evidence does not show that an offense or
bad act was committed, then it is not evidence of an extraneous offense. See Arthur, 11
S.W.3d at 390.

 Appellant contends a photograph of a shotgun and officer testimony regarding the
photograph should not have been admitted into evidence at trial. The following exchange
took place after an objection from the appellant:

 MR. BARR: I have no idea what this witness is going to be testifying
to and I am concerned that Ms. Thornton maybe is
attempting [to] bring out through this witness some
information about a prior conviction of my client.

 MS. THORNTON: Just the fact that the shotgun was found in his
house three years ago, the one that was used in
the aggravated robbery.

* * *

 MR. BARR: I can tell you the only reason, Judge that shotgun was
found in his house on a prior occasion because he had
been arrested for the case that he ultimately got
probation for.

 THE COURT: What do we have exactly that-because the
ballistic-what do we have actually that ties this
shotgun to this offense?

 MR. BARR: Nothing.

 MS. THORNTON: Yes, we do.

 THE COURT: What?

* * *

 MS. THORNTON: Well, I believe I do. The complainant testified
that-Mr. Tran testified that the shotgun that was
used in the aggravated robbery. Not only did
Mr. Tran testify that was the shotgun that was
used in the aggravated robbery, Mr. Scott
testified that was the shotgun that was used in
the aggravated robbery. Not only that but Mr.
Buchanan just said that big man said he ditched
it in the cemetery.

 THE COURT: Is this officer going to be able to identify this
weapon by serial number?

 MS. THORNTON: No.

* * *

 MS. THORNTON: No, but the photograph was taken of this
weapon at the home of Mr. Big Man, Mr. Crew,
what? Tow and a half years ago in '97. 

***

 THE COURT: So the only thing that you are going to elicit from
the officer that he saw this weapon in the
defendant's home two and a half years ago
period.

 MR. BARR: This is also arguably extraneous. It's an extraneous
offense that she is trying to-

 THE COURT: What's extraneous about having a shotgun in
your home?

 MR. BARR: If you see the shotgun and see that the shotgun is
altered-

 MS. THORNTON: He was not charged.

 MR. BARR: It doesn't make any difference if he was charged. This
is a matter of bad acts and this is a matter of bringing
something that is going to be absolutely more
prejudicial than it is going to be probative in this case. 
There is no way about it. 

* * *

 THE COURT: The restriction is that you can ask the officer if
he had seen the shotgun before, develop it,
seen it in his home and that's it.


 The police officer proceeded to testify that on December 1, 1997, he went to
appellant's residence and photographed a shotgun. He identified the photographs and
they were admitted into evidence. No mention was made of any prior crime, or even about
any illegality of the modifications made to the shotgun. This photograph was certainly
relevant because it was a picture of a shotgun with custom modifications matching the
shotgun which had been identified as the shotgun used in the crime, and because it made
appellant's possession of a weapon similar to the one recovered in this case more likely. 
However, the mere possession of the weapon in the photographs was not imputed to the
jury to be a crime, nor was there mention that the weapon might have been used in another
crime. Simply stated, the State offered to the jury a photograph of a shotgun with custom
modifications previously known to have belonged to appellant, and let the jury draw its own
conclusions, and we conclude the trial court did not abuse its discretion by overruling
appellant's Rule 404(b) objection. Issue two is overruled.

 By his third issue, appellant argues this same evidence should have been excluded
under Tex. R. Evid. 403. He urges us to conclude the trial court erred by not excluding the
evidence because it was substantially more prejudicial than probative. We disagree. 
When evidence is found to be relevant, it still must be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. When the
trial court is called upon to balance the probativeness and prejudice of evidence, a
presumption exists which favors finding the evidence more probative than prejudicial. 
Barron v. State, 864 S.W.2d 189, 193 (Tex.App.-Texarkana 1993, no pet.). This Court will
reverse only upon a clear abuse of discretion. See Ransom v. State, 920 S.W.2d 288, 299
(Tex.Cr.App. 1996), cert. denied, 519 U.S. 1030, 117 S.Ct. 587, 136 L.Ed.2d 516 (1996); 
see also Montgomery v. State, 810 S.W.2d 372, 390 (Tex.Cr.App. 1990) (stating that "[s]o
long as the trial court . . . operates within the boundaries of its discretion, an appellate
court should not disturb its decision, whatever it may be."). 

 First, we note the evidence presented by the prosecution to show appellant in fact
committed the offense of aggravated robbery was strong: appellant's accomplice
confessed to the aggravated robbery and the physical evidence supported the
accomplice's statement. Other witness testimony about appellant's behavior and
statements the night of the robbery tended to support the accomplice's testimony. On the
other hand, we note the perception of the public toward illegally modified shotguns, which
could potentially affect the jury. Both the recovered shotgun and the one depicted by the
photographs shared the same apparently illegal modifications. However, no mention was
made at trial about apparent illegality of the modifications. The evidence was, however,
important to the prosecutor's efforts to conclusively establish a link between appellant and
the shotgun recovered.

 Any evidence presented by the State is generally prejudicial to the defendant; 
however, evidence should only be excluded when the probative value is substantially
outweighed by the danger of unfair prejudice. In light of these facts, we hold that the trial
court did not abuse its discretion in concluding that the danger of unfair prejudice did not
substantially outweigh the probative value of this evidence. Issue three is overruled.

 By his first issue, appellant contends the evidence was insufficient as a matter of
law to support his conviction for the offense of aggravated robbery. Before we commence
our analysis of this issue, we take special notice of his argument that "there was no
evidence, beyond a reasonable doubt, linking appellant with a shotgun" and that "there is
no evidence, beyond a reasonable doubt, linking appellant with any recovered shotgun
shells." By these contentions, appellant challenges only the aggravating factor of the
offense, to-wit: the use or exhibition of a firearm. Although appellant challenges the
sufficiency of the evidence regarding his use of the shotgun, he does not challenge his
involvement in the robbery, but rather claims the State did not meet its burden connecting
him to the use or exhibition of a firearm. We disagree.

 In conducting a legal sufficiency review, we must determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820
S.W.2d 154, 157 (Tex.Cr.App. 1991). As an appellate court, we should uphold the jury's
verdict unless it is irrational or unsupported by more than a mere modicum of evidence. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). 

 For the jury to convict appellant of the offense of aggravated robbery, it was
required to find beyond a reasonable doubt that appellant exhibited a deadly weapon while
committing robbery. Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 1994). According to the
testimony of his accomplice, appellant had the gun prior to the robbery, brought it with him
to the robbery, shot the victim in the face, then discarded it sometime afterward. This
testimony was compelling, but was given by appellant's accomplice. The requirement for
accomplice testimony is set out in section 38.14 of the Texas Code of Criminal Procedure
Annotated (Vernon 1979): a conviction cannot be had upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the defendant with
the offense committed; and the corroboration is not sufficient if it merely shows the
commission of the offense. 

 When considering accomplice testimony in determining the sufficiency of the
corroborating evidence, all of the accomplice testimony shall be eliminated. McDuff v.
State, 939 S.W.2d 607, 612 (Tex.Cr.App. 1997), cert. denied, 522 U.S. 844, 118 S.Ct. 125,
139 L.Ed.2d 75 (1997). The remaining evidence is then considered in the light most
favorable to the jury's verdict. Gill v. State, 873 S.W.2d 45, 48 (Tex.Cr.App. 1994). The
non-accomplice evidence does not need to prove appellant's guilt beyond a reasonable
doubt nor does it have to directly link appellant to the crime; it must only tend to connect
appellant to the offense. Burks v. State, 876 S.W.2d 877, 888 (Tex.Cr.App. 1994), cert.
denied, 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); Reed v. State, 744 S.W.2d
112, 126 (Tex.Cr.App. 1988). When considering the sufficiency of non-accomplice
testimony each case must be considered on its own facts and circumstances. Etheredge
v. State, 542 S.W.2d 148, 150 (Tex.Cr.App. 1976). All the facts and circumstances in
evidence may be looked to as furthering the necessary corroboration. Callaway v. State,
818 S.W.2d 816, 832 (Tex.App.-Amarillo, 1991, pet. ref'd). 

 The victim testified appellant had the same size and build as the person who shot
her. A witness who gave both men a ride after the robbery testified that the accomplice
asked appellant, "Why did you shoot the lady?" Appellant made no response, but when
asked what he did with the gun, he said "I stashed it in the graveyard." A shotgun was
recovered from a cemetery adjacent to the store that was robbed, through which the
accomplice testified the two men fled. This shotgun was identified by the victim's husband
as the weapon appellant used to shoot his wife. A picture of a gun known to have been
owned by appellant was introduced at trial, and the jury was able to draw its own
conclusion about the similarity between the picture and the gun actually recovered. 

 From all the evidence, we conclude that the non-accomplice testimony and tangible
evidence together is sufficient to corroborate the accomplice testimony. We conclude that
a rational trier of fact could have found the essential elements of aggravated robbery
beyond a reasonable doubt. Viewing the facts in the light most favorable to the verdict and
without substituting our judgment for that of the jury's, we hold that the evidence is legally
sufficient to sustain appellant's conviction. Appellant's first issue is overruled. 

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


Do not publish.