In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00004-CV

                                                ______________________________

 

 

 

                                            IN THE MATTER OF F.R.

 

 

                                                                                                  


 

 

                    On Appeal from the County Court at Law #3,
Sitting as a Juvenile Court

                                                             Smith County, Texas

                                                       Trial Court
No. 003-0241-10

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            F.R.,
a juvenile, was charged with engaging in delinquent conduct by possessing a
controlled substance, cocaine, in an amount less than one gram.  A Smith County jury[1]
found the allegations true; the trial court entered a finding that F.R. had
engaged in delinquent conduct and committed him to the Texas Youth Commission
(TYC).  On appeal, F.R. complains of the
admission into evidence of a letter found in his cell, found while he was being
held in a juvenile detention facility. 
The letter, purportedly written by F.R., encouraged two persons to
provide alibi evidence.  F.R. complains
first the trial court erred in admitting the letter “for all purposes”; second,
F.R. claims the trial court erred in failing to give a limiting instruction
regarding the letter in the court’s charge to the jury.  Finding no error, we overrule F.R.’s points
of error and affirm the trial court’s judgment. 

I.          Facts and Evidence

            Tyler
police officers executed a directive to apprehend[2]
F.R.  After transporting F.R. to a
juvenile detention facility, a small plastic bag containing cocaine was found
in the back seat of the police car where F.R. had been sitting.  F.R. disavowed ownership of the bag and
accused police of planting it.  Officer Donald
Rutledge, one of the arresting officers, said that during the ride to the
detention facility, he had seen, in his mirror, F.R. making “furtive movements,”
at times leaving Rutledge’s view; by the time they arrived at the detention
facility, F.R., still in handcuffs, had been able to unfasten his seat belt.  Rutledge also said that at the beginning of
his shift, before arresting F.R., Rutledge had checked the back seat and had seen
no plastic bag.  He checked his vehicle
like this every day he was on duty. 
Rutledge did not testify whether he had transported any other person
before F.R. on the date of the incident, but he did say that in addition to
checking the back seat of the car at the beginning of his shift, he looked in
the car and saw no contraband or plastic bags before putting F.R. into the back
seat.  

            At
trial, the State offered the letter found in F.R.’s cell.  The letter constituted contraband, an item
F.R. was not permitted to possess in his cell. 
The letter was addressed to two people. 
While earlier testimony had been that only F.R., his mother, and
possibly a sibling had been present when police arrived at the family home and
took F.R. into custody, the letter’s author encouraged the recipients to
testify they had been present when the arrest was made, and to further testify
that they had seen the officer conduct the search and that he had found no contraband.  The letter contained an offer to pay each
recipient $70.00.[3]  The State offered no proof F.R. actually
wrote the letter.  Rather, circumstantial
evidence––the letter was found in F.R.’s cell and discussed the circumstances
of his case––including a trial date one day before his adjudication hearing
actually commenced––supplied an inference that he was its author.  

 

II.        Admission of Letter

            F.R.’s
first point of error complains the trial court erred in admitting the letter
found in F.R.’s room at the detention facility. 
He complains it was admitted to show he acted “in conformity,” by which
we assume he means that evidence of other crimes, wrongs, or acts are not
admissible to “prove the character” of the actor  “in order to show [he acted] in conformity
therewith.”  Tex. R. Evid. 404(b).[4]  A person is to be tried for the charged
offense, and “not for being a criminal generally.”  Rogers
v. State, 853 S.W.2d 29, 32 n.3 (Tex. Crim. App. 1993).[5]  

            The
possible bases for admission of extraneous acts listed in Rule 404(b)
(including intent or knowledge) are not exclusive or exhaustive.  Montgomery
v. State, 810 S.W.2d 372, 388 (Tex. Crim. App. 1990) (op. on reh’g).  We employ an abuse of discretion standard when
reviewing a trial court’s decision to admit evidence.  Santellan
v. State, 939 S.W.2d 155, 168–69 (Tex. Crim. App. 1997).  So long as the trial court’s ruling was within
the “zone of reasonable disagreement,” we will not find an abuse of discretion
and the trial court’s ruling will be upheld.  Id.
at 169.  The State told the trial court
it was offering the letter “to prove knowledge and intent.”  To prove F.R. was guilty of possession of a
controlled substance, the State had to prove, beyond a reasonable doubt, F.R. “knowingly
or intentionally” possessed cocaine.  See Tex.
Health & Safety Code Ann. § 481.115(a) (Vernon 2010).  The drugs were not found on F.R.’s person,
but on the floor of a police car in which he had recently been
transported.  The letter, found in the
room F.R. exclusively occupied, suggested F.R. wanted two friends to testify
that they had been present at his arrest and witnessed police find no drugs
when they searched him.  No testimony was
offered establishing F.R. was the author of the letter, but considering that it
was found in his cell and discussed the events and date involved in his case,
the jury could reasonably infer it was written by F.R.  Combined with testimony that no one but F.R.’s
mother and possibly a sibling were in the home on the date of the arrest, and
the writer’s offer to pay each recipient $70.00 for their testimony, suggests
(a) the letter was written by F.R.; and (b) he composed it with an eye toward
establishing an alibi or exculpatory evidence regarding his pending
charge.  All of this made a fact of
consequence, that F.R. knowingly or intentionally possessed the drugs found in
the police car where he had just been sitting, more probable.[6]  See
Tex. R. Evid. 401; Montgomery, 810 S.W.2d at 387.  The letter thus was relevant evidence.  

            Relevant
extraneous offense evidence may still be inadmissible “if its probative value
is substantially outweighed by the danger of unfair prejudice . . . .”  Tex. R.
Evid. 403.  When the trial court
is called on to balance the probative value against the potential prejudice of
evidence of “other crimes, wrongs, or acts,” a presumption exists favoring the
former.  McFarland v. State, 845 S.W.2d 824, 837 (Tex. Crim. App. 1992), overruled in part on other grounds by
Bingham v. State, 915 S.W.2d 9 (Tex. Crim. App. 1994); Barron v. State, 864 S.W.2d 189, 193 (Tex. App.––Texarkana 1993, no
pet.).  In other words, this rule carries
with it a presumption that relevant evidence will be more probative than
prejudicial.  Barron, 864 S.W.2d at 193 (citing Green v. State, 840 S.W.2d 394 (Tex. Crim. App. 1992)).  In evaluating the trial court’s determination
under Rule 403, a reviewing court is to reverse the trial court’s judgment “rarely
and only after a clear abuse of discretion,” recognizing that the trial court
is in a superior position vis-a-vis an appellate court to gauge the impact of
the relevant evidence.  Mozon v. State, 991 S.W.2d 841, 847
(Tex. Crim. App. 1999) (quoting Montgomery,
810 S.W.2d at 389).

            The
relevant criteria in determining whether the prejudice of an extraneous offense
substantially outweighs its probative value include:

(1)        how
compellingly the extraneous offense evidence serves to make a fact of
consequence more or less probable--a factor which is related to the strength of
the evidence presented by the proponent to show the defendant in fact committed
the extraneous offense;

 

(2)        the
potential the other offense evidence has to impress the jury “in some
irrational but nevertheless indelible way;”

 

(3)        the
time the proponent will need to develop the evidence, during which the jury
will be distracted from consideration of the indicted offense; [and]

 

(4)        the force of the proponent’s need for this evidence to prove
a fact of consequence, i.e., does the proponent have other probative evidence
available to him to help establish this fact, and is this fact related to an
issue in dispute.

 

Santellan, 939 S.W.2d at 169 (quoting Montgomery, 810 S.W.2d at 389–90)
(footnote omitted).

            A.        The Letter Made a Fact of Consequence
More Probable

            Other
than the letter at issue, the evidence supporting a finding that F.R. knowingly
or intentionally possessed cocaine was simple: 
the police officer testified there was no contraband in the back seat of
his squad car before his shift or when he placed F.R. in the back seat; after
delivering F.R. to the juvenile facility, a plastic bag containing cocaine was
found on the floor beneath where F.R. had been sitting.  The officer also testified that in his
rear-view mirror, he could see F.R. fidgeting in the back seat, occasionally
moving out of the mirror’s view.  It
would not be an unreasonable inference for the jury to conclude F.R. wrote the
letter; it was found in his room, and addressed events on September 23, the
date F.R. was arrested.  The letter
invites its recipients to appear at trial on November 2; although jury
selection and trial were held on November 3, these facts provide circumstantial
evidence that F.R. authored the letter. 
And if F.R. did write the letter, it suggests he did so to create
exculpatory evidence, making the fact of consequence––knowing or intentional
possession of the cocaine––more probable.

            B.        Potential for Irrational Impression

            F.R.
argues the letter could only act to inflame the jury and encourage it to find
him guilty of possession of drugs because he had written the letter, which
conceivably suborned perjury.  However,
all prejudicial evidence has the tendency to cause a fact-finder to take a
negative view of the actor.  In this case,
we cannot say the letter was likely to negatively impress the jury in an
irrational way; nothing in the record indicates the jury could not rationally
evaluate the weight to be given this evidence.  


            C.        Time Spent to Develop and Prove
Extraneous Event

            The
adjudication hearing of F.R. was completed in one day; the State called four
witnesses.  About seven pages of the
reporter’s record was spent explaining, arguing about, offering, and reading
this letter to the jury.  This was during
the testimony of juvenile probation officer David Spencer, whose testimony took
up about eleven pages of the record.  Further,
the evidence did not distract the jury from considering the instant indictment;
if believed, this evidence shed light on whether F.R. intentionally possessed
the controlled substance.  Considering
the nature of this evidence and the overall length of this adjudication
hearing, an inordinate amount of time was not devoted to this extraneous
offense.

            D.        Other Evidence Available to the State 

            As
mentioned above, the only evidence presented by the State, other than the
letter, pointing to F.R.’s guilt was the fact that a small package of cocaine
appeared on the floorboard of the squad car beneath F.R.’s place of seating,
combined with testimony from Rutledge that he routinely, and specifically on
the day in question did, check the area in the back seat of the car.  The letter evidence was related to an issue
in dispute––whether F.R. intentionally possessed the controlled substance.  The letter, to the extent it could be found
to prove knowledge or intent or consciousness of guilt was probative as to
facts of consequence.    

            Considering
these analytical questions, and recalling the presumption in favor of admission
of relevant evidence, we cannot say the trial court erred in admitting the
letter in to evidence.  Its potentially
prejudicial impact did not substantially outweigh the probative value.  We overrule F.R.’s first point of error.  

III.       Limiting Instruction in
Jury Charge

            In
discussing the drafted jury charge, F.R. asked the trial court to include a
limiting instruction:

            [Defense
Counsel]:  We’d ask that the final charge
include the 404(b) instruction previously submitted,[7] the
limiting instruction previously submitted to the Court.

            I
think it’s relevant in regards to all of the extraneous offenses, including the
fact that he was on probation, the fact he was a runaway, the letter that was
admitted into evidence where he allegedly offered to pay witnesses.

 

The trial court denied the
request for a limiting instruction.  F.R.’s
second point of error complains the trial court erred in failing to include a
limiting instruction regarding the letter in the jury charge.  We overrule the point of error.

            When
the State offered evidence of the letter found in F.R.’s cell, F.R. made
several objections, all of which were overruled by the trial court, who then
admitted the letter in to evidence.  F.R.
did not request a limiting instruction at the time the evidence was
admitted.  A request for a limiting
instruction must be made at the admission of the evidence.  Without a request for a limiting instruction
at the time the evidence is presented, it is admitted for all purposes.  “If the jury is required to consider evidence
in a limited manner, then it must do so from the moment the evidence is
admitted.”  Hammock v. State, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001).  Since the evidence concerning the letter was
admitted for all purposes, a limiting instruction on the evidence in the charge
was not warranted.  Id.  The trial court did not
err in refusing to give a limiting instruction in the jury charge.[8]  

            Finding
no error, we overrule F.R.’s points of error and affirm the trial court’s
judgment.

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          May
26, 2011

Date Decided:             May
27, 2011

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.

 





[2]See Tex.
Fam. Code Ann. § 52.015 (Vernon 2008). 





[3]The
letter states in part:  “I am gone [sic]
to pay both of yall to be my witn’s [sic] in crourt [sic] Novmber [sic], 2, I
need yall to say that yall was at my house wen [sic] the police came in took me
to jail.”  The letter lists the date of
arrest as September 23, the date Rutledge said he arrested F.R.  The letter indicated that if the recipients,
addressed as Raymond and Kendrick, would provide that testimony, “I want [sic]
go to [TYC].” 





[4]“Evidence
of other crimes, wrongs or acts is not admissible to prove the character of a person
in order to show action in conformity therewith.  It may, however, be admissible for other
purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident, provided that upon
timely request by the accused in a criminal case, reasonable notice is given in
advance of trial of intent to introduce in the State’s case-in-chief such
evidence other than that arising in the same transaction.”

 





[5]Rule
404(b) prohibits the introduction of other crimes, wrongs, or acts to prove the
character of a person in order to show action in conformity with his or her
character.  F.R. attempts to use Rule 404
to argue that the State improperly sought to introduce the letter to prove that
defendant acted in conformity with the contents of the letter.  We do not believe that is a proper
application of Rule 404.  





[6]Also,
the letter, if deemed to have been written by F.R., was relevant as evidence of
consciousness of guilt.  See Ransom
v. State, 920 S.W.2d 288, 299 (Tex. Crim. App. 1994) (op. on reh’g)
(holding evidence of assault on prosecutor and defense counsel in courtroom
admissible as consciousness of guilt without violating Rule 404(b)); Burks v. State, 227 S.W.3d 138, 148
(Tex. App.––Houston [1st Dist.] 2006, no pet.) (evidence appellant fled from
arresting officer relevant).





[7]Early
in the adjudication proceeding, during the State’s questioning of the officer
who took F.R. into custody, F.R. asked the trial court to give the jury a
limiting instruction concerning the directive to apprehend F.R.  The trial court then instructed the jury that
evidence of any other act was not to be considered in determining whether F.R.
committed the charged conduct.  The
testimony was to be considered only as regards why police officers took the
actions they did, i.e., taking F.R. into custody.  At that point in testimony, before Rutledge
discussed executing the directive to apprehend, F.R. asked for a limiting
instruction then and in the jury charge. 
Although his charge request quoted above could be construed as a request
for a limiting instruction in the charge regarding the directive to apprehend,
F.R.’s point of error only complains about no limiting instruction regarding
the letter.





[8]“Because
the evidence in question was admitted for all purposes, a limiting instruction
on the evidence was not ‘within the law applicable to the case,’ and the trial
court was not required to include a limiting instruction in the charge to the
jury.”  Hammock, 46 S.W.3d at 895 (quoting Tex. Code Crim. Proc. Ann. art. 36.14).